UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-21006- ALTONAGA/O'Sullivan

ATLAS IP, LLC, a Florida limited liability company,

    Plaintiff,

v.

ST. JUDE MEDICAL, INC., a Minnesota corporation, and
ST. JUDE MEDICAL S.C., INC., a Minnesota corporation,

    Defendants.

_____/

## [PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR ISSUANCE OF A LETTER ROGATORY

This matter is before the Court on Defendants', St. Jude Medical, Inc. and St. Jude Medical S.C., Inc. (collectively "St. Jude"), Motion for Issuance of a Letter Rogatory. The Court, finding that a sufficient basis exists for the issuance of a Letter Rogatory to the appropriate judicial authority in Ontario, Canada, hereby (1) GRANTS St. Jude's Motion and (2) ORDERS that the Letter Rogatory directed to Wi-LAN Inc., attached as Exhibit A, having been executed by the Court, be executed by the Clerk of the Court and imprinted with the Court's seal, and returned to counsel for St. Jude, so that the Letter Rogatory can be transmitted to the appropriate judicial authority in Ontario, Canada.

SO ORDERED this \_\_\_\_ day of _____, 2014.

                                          _____
                                          **CECILIA M. ALTONAGA**
                                          **UNITED STATES DISTRICT JUDGE**

## EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:14-cv-21006- ALTONAGA/O'Sullivan

ATLAS IP, LLC, a Florida limited liability company,

    Plaintiff,

v.

ST. JUDE MEDICAL, INC., a Minnesota corporation, and
ST. JUDE MEDICAL S.C., INC., a Minnesota corporation,

    Defendants.

_____/

**REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE PURSUANT TO SECTION 1781(b)(2) OF TITLE 28 OF THE UNITED STATES CODE AND THE ONTARIO *EVIDENCE ACT*, R.S.O 1990, CHAPTER E.23, SECTION 60**

**WI-LAN, INC. LETTER ROGATORY**

To the Superior Court of Justice of Ontario:

    WHEREAS, the above referenced action is pending in the United States District Court for the Southern District of Florida, Miami Division;

    WHEREAS, the above referenced action is a civil suit wherein, Plaintiff, Atlas IP, LLC ("Atlas") alleges that St. Jude manufactures, sells and/or offers to sell products that infringe U.S. Patent No. 5,371,734 ("the '734 Patent);

    WHEREAS, Atlas is the alleged owner of the '734 Patent by assignment;

    WHEREAS, St. Jude has discovered that Wi-LAN, Inc. ("Wi-LAN") was a predecessor in ownership in the '734 Patent and believes that Wi-LAN possesses relevant knowledge relating to the '734 Patent;

WHEREAS, this Court has proper jurisdiction over the proceedings and the power to compel the attendance of witnesses and the production of documents by corporations and individuals within its jurisdiction;

WHEREAS, this Court finds that Wi-LAN, has information that is relevant and necessary to the trial in the above referenced proceeding, and that specific documents in Wi-LAN's possession, custody or control are relevant and necessary to the trial in the above referenced proceeding, specifically to the issue of patent ownership and valuation;

WHEREAS, this Court concludes on the information before it that the information sought from Wi-LAN is not otherwise obtainable;

WHEREAS, this Court is ready and willing to provide similar assistance to the Courts of Ontario in the future as appropriate should the need arise;

WHEREAS, St. Jude shall provide for the payment of witness fee, and reasonable costs entailed in the execution of this request as may be ordered, without prejudice to St. Jude's right to recover same at the disposition of this proceeding;

WHEREAS, St. Jude shall undertake that the evidence obtained on the examination will not be used for any other purpose than the trial of the proceeding in the United States District Court for the Southern District of Florida, Miami Division;

THIS COURT, THEREFORE, RESPECTFULLY REQUESTS, in conformity with Section 1781(b)(2) of Title 28 of the United States Code, 28 U.S.C. § 1781(b)(2), United States Federal Rules of Civil Procedure, and the Ontario *Evidence Act*, R.S.O. 1990, c. E.23, § 60 that, in the interest of justice, you cause by your proper and usual process an Order to be issued compelling Wi-LAN's corporate representative(s) to attend on behalf of Wi-LAN from day to day until completion at the Ottawa office of Smart & Biggar, located at 900-55 Metcalfe St.,

Ottawa, ON, K1P5Y6 (or such other location as may be agreed upon or ordered), for the purpose of being examined under oath by St. Jude's U.S. counsel, with such examination being transcribed and videotaped in accordance with the procedure your law provides, with regards to the matters described with particularity below:

1. The Asserted Patent and all communications to and from Wi-LAN relating to the Asserted Patent.

2. Wi-LAN's knowledge of and communications relating to, the validity, scope or infringement of the Asserted Patent.

3. The research, design, development and reduction to practice of the alleged invention described and claimed in Asserted Patent, and Wi-LAN's knowledge of or participation in same.

4. Wi-LAN's communications with and knowledge of the Named Inventor.

5. Wi-LAN's role in the prosecution of the Asserted Patent, or any applications related thereto.

6. Prior Art to the Asserted Patent, and Wi-LAN's knowledge of same.

7. Wi-LAN's acquisition and ownership of the Asserted Patent.

8. Communications and agreements, including draft agreements, relating to efforts by Wi-LAN to acquire and own the Asserted Patent.

9. Wi-LAN's sale or transfer of the Asserted Patent.

10. Communications and agreements, including draft agreements, relating to Wi-LAN's efforts to sell or transfer of the Asserted Patent.

11. The Atlas Litigations and all communication to or from Wi-LAN relating to the Atlas Litigations.

12. Wi-LAN's communications with Atlas IP, LLC, relating to the Atlas Litigations or the Asserted Patent.

13. Wi-LAN's efforts to assert or enforce the Asserted Patent.

14. Wi-LAN's efforts to identify potential infringers of the Asserted Patent.

15. Wi-LAN's efforts to license the Asserted Patent, including any communications offering, seeking or discussing a license or potential license.

16. Wi-LAN's commercial embodiments of the Asserted Patent, and all related products, services or components of same.

17. The value of the Asserted Patent, and communications to or from Wi-LAN relating to same.

18. Industry standards, including any standards set by Institute of Electrical and Electronics Engineers (IEEE), or any other standards body, relating to any alleged invention described or claimed in the Asserted Patent, and any communications relating to same.

19. Wi-LAN's custody and authentication of the documents produced in response to the requests below.

THIS COURT, THEREFORE, FURTHER RESPECTFULLY REQUESTS, in conformity with Section 1781(b)(2) of Title 28 of the United States Code, 28 U.S.C. § 1781(b)(2), United States Federal Rules of Civil Procedure, and the Ontario *Evidence Act*, R.S.O. 1990, c. E.23, § 60 that, in the interest of justice, you cause by your proper and usual process an Order to be issued compelling Wi-LAN to produce the documents described with particularity below to Daniel Anthony, Smart & Biggar, 55 Metcalfe Street, Suite 900, PO Box 2999, Station D, Ottawa, Ontario, K1P 5Y6, at least ten (10) days prior to the deposition. A

copy of the Protective Order entered in this case for the protection of confidential information is

All documents referring or relating to the Atlas Litigations.

      1.      All communications within Wi-LAN concerning the Atlas Litigations.

      2.      All documents constituting, referring, or relating to communications between You and any other person, concerning the Atlas Litigations.

      3.      All communications within Wi-LAN concerning the Asserted Patent.

      4.      All communications concerning the Asserted Patent between You and any of St. Jude, Medtronic, Inc., Medtronic USA, Inc., Medtronic Minimed, Inc., Biotronik, Inc., Boston Scientific Corp., or Cardiac Pacemakers, Inc., and all documents relating or referring to any such communications.

      5.      All communications concerning the Asserted Patent between You and Atlas IP, LLC, and all documents relating or referring to any such communications.

      6.      All communications concerning the Asserted Patent between You and any person that has ever held any right, title, or interest in the Asserted Patent, and all documents relating or referring to any such communications.

      7.      All documents produced by You in response to any subpoena or letters rogatory served in connection with any of the Atlas Litigations.

      8.      All communications between You and any other person relating to the validity, invalidity, enforceability, or unenforceability of the Asserted Patent or any claim thereof.

      9.      All Prior Art to the Asserted Patent identified to or by You.

      10.     All documents that reflect, memorialize, discuss, or relate to any comparison between any Prior Art and any claim of the Asserted Patent.

11. All communications between You and any other person relating to the infringement or non-infringement of the Asserted Patent by any product or service of St. Jude, Microsemi Corporation, or Zarlink Semiconductor Inc.

12. All documents (including but not limited to communications) relating to any decision to seek patent protection for the claimed subject matter of the Asserted Patent, including, but not limited to, all invention disclosure forms, Prior Art searches and search results, patentability investigations and minutes, or summaries or communications relating to any patent-review meetings, whether formal or informal.

13. All documents authored by or referring to the Named Inventor that relate to the Asserted Patent.

14. All documents relating to the conception, design, development, and reduction to practice of any alleged invention in the Asserted Patent, including, but not limited to, engineering drawings, system architecture documents, schematics, prototypes, alpha or beta versions, invention records, laboratory notebooks, source code, software, flow charts, memoranda, correspondence, project plans, test plans, technical documentation, operating manuals, maintenance manuals, software engineering manuals, instructions, guides, revision histories, release notes, user guides, data dictionaries, and specifications.

15. All documents relating to any product, software, service, method, or prototype that embodies or practices any claim of the Asserted Patent, including, but not limited to, any such product, software, service, method, or prototype developed, owned in whole or in part, marketed, offered for sale or license, licensed, or sold by You.

16. To the extent that any owner or licensee of the Asserted Patent has made, advertised, marketed, sold, offered for sale, or imported into the United States any product,

software, service, method, or prototype that embodies or practices any claim of the Asserted Patent, all documents relating to marking or lack of marking of such product, software, service, method, or prototype, or notice or lack of notice given to St. Jude, in accordance with 35 U.S.C. § 287.

17. All documents related to licensing, selling, offering to license or sell, or negotiating any transfer of rights or interest in the Asserted Patent, including, but not limited to, assignment agreements, purchase agreements, license agreements, term sheets, research and development agreements, or settlement agreements.

18. All communications (including but not limited to electronic communications) relating to licensing, selling, offering to license or sell, or negotiating any transfer of rights or interest in the Asserted Patent.

19. All documents (including but not limited to communications) related to any attempt to license, sell, offer to license or sell, or negotiate any transfer of rights or interest in the Asserted Patent.

20. All documents relating to any rights in or under the Asserted Patent presently or formerly held by You or any other person or entity, including, but not limited to, any ownership interest or right to share in the proceeds of any enforcement or licensing of the Asserted Patent.

21. All documents (including but not limited to communications) related to any actual or threatened enforcement of Your rights in the Asserted Patent at any time.

22. All communications with any standards body, including but not limited to the Institute of Electrical and Electronics Engineers (IEEE), relating to the Asserted Patent or any claimed invention in the Asserted Patent.

23. All documents constituting or relating to any analysis of the value of the Asserted Patent, including, but not limited to, any such analysis performed by You or any other person.

24. All communications between You and any other person relating to the value of the Asserted Patent.

Definitions

Unless otherwise stated, the terms set forth below are defined as follows:

1. "You," Your," or "Wi-LAN" refers to Wi-LAN, Inc., a company incorporated under the laws of Canada, and any of its predecessors, successors, parents, subsidiaries, divisions, affiliates, partnerships, branches, officers, directors, partners, employees, agents, attorneys, advisors, accountants, consultants, representatives, and all other persons acting or purporting to act on its behalf.

2. "Document" or "documents" has the meaning defined in Ontario Rule of Civil Procedure 30.01 including, but not limited to, any electronically stored documents, preliminary versions, drafts or revisions, and is used as broadly as allowed under the Ontario Rules of Civil Procedure.

3. The term "communication" shall include, without limitation, any written or oral communication, including, but not limited to, any conversation in person, by telephone, or by electronic or any other means. A document or thing transferred, whether temporarily or permanently, from one person to another shall be deemed to be a communication between such persons whether or not such document or thing was prepared or created by the transferor or addressed to the transferee.

4. "St. Jude" shall mean St. Jude Medical S.C., Inc. and St. Jude Medical, Inc., as well as their officers, directors, employees, representatives, consultants, agents, servants,

employees, attorneys, accountants, or any person who served in any such roles at any time, as well as corporate parents, subsidiaries, affiliates, divisions, predecessor companies or proprietorships, any joint venture to which any of the foregoing is a party, and other persons acting on behalf thereof.

5. "Person" or "persons" refers to any natural person, proprietorship, public or private corporation, partnership, joint venture, trust, association, company, firm, government or governmental entity, or any other form of business or legal entity, organization, or arrangement.

6. "Entity" or "entities" has the same meaning as "person."

7. "Identify," when used to refer to a "person" or "entity," shall mean to set forth the "person's" or "entity's":  (a) full name and title, if any; (b) present or last known address or place of business; and (c) present or last known telephone number.

8. "Asserted Patent" shall refer to U.S. Patent No. 5,371,734.

9. "Named Inventor" shall refer to the named inventor of the Asserted Patent, Michael A. Fischer.

10. The phrase "the Atlas Litigations" shall refer to the cases styled as *Atlas IP, LLC v. Medtronic, Inc. et al.*, No. 1:13-cv-23309-CMA; *Atlas IP, LLC v. Boston Scientific Corp. et al.*, No. 1:14-cv-20596-CMA; *Atlas IP, LLC v. Biotronik, Inc.*, No. 1:14-cv-20602-PAS; and *Atlas IP, LLC v. St. Jude Medical, Inc. et al.*, No. 1:14-cv-21006-CMA, all of which are pending in the United States District Court for the Southern District of Florida.

11. The phrase "Prior Art," for purposes of this subpoena to testify at a deposition, shall mean all things, patents, publications, disclosures, sales, or other acts or occurrences included within the broadest meaning of 35 U.S.C. § 102 (or any subpart thereof) or 35 U.S.C. § 103, and all things, patents, publications, disclosures, sales, or other acts or occurrences that

any person or entity has identified as "prior art" or as relevant to the invalidity of the patent(s) identified or referenced in the relevant request for production or any claims thereof.

12. The terms "relating to," "related to," "relate(s) to," "pertaining to," or "pertain(s) to" a given subject shall mean directly or indirectly concerning, constituting, containing, embodying, evidencing, showing, comprising, reflecting, identifying, illustrating, stating, referring to, dealing with, commenting on, responding to, describing, involving, mentioning, discussing, recording, supporting, or negating such subject.

13. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the document request all responses that otherwise might be construed to be outside of its scope.

14. The use of the term "the" shall not be construed as limiting the scope of any request for production.

15. The use of the singular shall be deemed to include the plural, and the use of one gender shall include all others, as appropriate in the context.

Witness my hand and seal of United States District Court for the Southern District of Florida, Miami Division, United States of America, on this ___ day of _____, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**