UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14 -21006-CIV-ALTONAGA/O'Sullivan

**ATLAS IP, LLC**,

    Plaintiff,
vs.

**ST. JUDE MEDICAL, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants' Motion for Issuance of Letter Rogatory . . . ("Motion") [ECF No. 56], filed on June 24, 2014. Defendants seek to obtain documents and testimony from non-party Wi-Lan, Inc. in Ontario, Canada. (*See* Mot. 1). Plaintiff, Atlas IP, LLC, does not oppose issuance of a letter rogatory, although Wi-Lan, Inc., does. (*See id*. 4). Canada is not a party to the Hague Evidence Convention. (*See id*. 2). As such, Defendants ask the Court to issue a letter rogatory to the Superior Court of Justice of Ontario in Toronto, Canada, requesting that court use its power to obtain documents and deposition testimony from Wi-Lan, Inc. (*See id.* 1).

Federal Rule of Civil Procedure 4(f)(2)(B) and 28 U.S.C. section 1781 provide that process may be served pursuant to letters rogatory issued by the Court. "The decision to issue letters rogatory lies within a court's discretion." *Luzzi v. ATP Tour, Inc.*, No. 3:09-cv-1155-J-32MCR, 2010 WL 746493, at *1 (M.D. Fla. Mar. 2, 2010) (citing *United States v. Rosen,* 240 F.R.D. 204, 214 (E.D. Va. 2007)). "Letters rogatory should be issued only where necessary and convenient." *Id.* (citation and internal quotation marks omitted). Defendants argue they need documents and testimony from Wi-Lan, Inc., because it appears in the record chain of title for

the asserted patent and Wi-Lan, Inc.'s former officer is the principal of Plaintiff.  (*See id.* 3). Defendants further state Wi-Lan, Inc. "unquestionably has documents and information . . . that are crucial to St. Jude's case," such as information about ownership, transfer of interest, licensing, and opinions on the invalidity and infringement of the asserted patent; Defendants assert they cannot obtain the information from Wi-Lan, Inc.'s domestic subsidiary.  (*Id.*).

Defendants have made a showing the issuance of a letter rogatory is necessary and convenient to the litigation.  Defendants have represented they are "working with local Canadian counsel in Ontario, to ensure that the attached Letter Rogatory is compliant with and will be accepted by the Superior Court of Justice of Ontario." (*Id.*).  Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 56]** is **GRANTED**.

2. Defendants are directed to submit on or before **June 30, 2014**, an updated copy of the Letter Rogatory to the Court **by e-mail in Word format** at altonaga@flsd.uscourts.gov.  Defendants shall correct the error in the Letter Rogatory previously submitted to the Court, consisting of an incomplete sentence and apparent improperly numbered request in the first two lines of page six of the Letter.

3. Upon receipt of the updated copy of the Letter Rogatory, the Clerk will be directed to mail a certified copy of this Order and signed copies of the Letter Rogatory to Defendants.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 25th day of June, 2014.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record